

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~JOHN REEVES~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Esco Walter
District Attorney
Abilene, Texas

Dear Sir:

Opinion No. O-3101
Re: Whether Jones County Observer
must pay tax on automobile
given as a prize in contest.

In your letter of January 27, 1941, you submit the following facts:

Sometime last fall the publisher of the Jones County Observer sponsored a contest which was open to all 1941 paid-in-advance subscribers to said newspaper and who lived in Jones County and who were not in arrears for their 1940 subscription. He offered an automobile as a prize to the subscriber qualifying as above who should on or before December 25, 1940, submit the most nearly correct estimate of the 1940 cotton crop in Jones County. Ginnings up to and including January 15, 1941 were included, but none thereafter. You request our opinion as to whether the automobile thus given away is subject to the tax levied by Article 7047f, Vernon's Civil Statutes which reads in part as follows:

"(a) Every person, firm or corporation conducting a theatre, place of amusement, or any business enterprise in connection with the operation of which a prize in the form of money or something of value is offered or given to one or more patrons of such theatre, place of amusement, or business enterprise, and not given to all patrons thereof paying the same charge for any certain service, commodity, or entertainment, shall make a verified monthly report on the twenty-fifth day of each month to the Comptroller of Public Accounts of the State of Texas, showing the amount of money so given in prizes, and the value of all prizes or awards so given in connection with such business during the next preceding month.

"(b) There is hereby levied a tax equal to twenty per cent (20%) of the value of all such money, prizes, and awards given in connection with the operation of each and all of the foregoing business enterprises, and at the time of making the report to the Comptroller of Public Accounts, the owner or operator of any such

> business shall pay to the State Treasurer such tax
> upon the total amount of money, prizes, and awards so
> given during the next preceding month . . . ."

The prize was of course given in connection with the operation
of a business enterprise. It was offered to none other than
patrons and was not given to all of them, merely to one. The
only question is whether the winner of the prize has paid a
"charge" in addition to that paid by other subscribers. It
is our opinion that a consideration by way of detriment to
the winner is not alone sufficient to defeat the tax, but that
the "charge" contemplated by the statute must be something
which in itself is of value to the business enterprise. Of
what value to the enterprise is the estimate thus made and
which it develops is closer than that made by any other
subscriber? No special value has been pointed out to us and
we can think of none.

In your opinion request you direct our attention to our
opinions Nos. O-662 and O-2171. In the former we held that a
prize given by a milling company to one submitting the "best
last line for a five line jingle, in connection with an
advertising campaign" would not be subject to the tax.
However, the value of such an advertising jingle is apparent.
In the latter opinion we expressed the view that a prize
given one who solicited and produced the greatest number of
subscriptions to a paper was not subject to the tax. The
value of the services there given by the winner is likewise
evident.

Hence, we are constrained to answer your question in the
affirmative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Glenn R. Lewis

By

Glenn R. Lewis
Assistant

GRL:LM/cg

APPROVED FEB. 7, 1941
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee, By BWB, Chairman